UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AILEEN SANCHEZ MORALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-cv-178 |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Attorney Fees Pursuant to the Social Security Act (Unopposed) [DE 16] filed by Joseph S. Sellers, counsel for the plaintiff, Aileen Sanchez Morales, on December 3, 2025. The Motion represents that the Commissioner neither supports nor opposes the request for attorney fees pursuant to 42 U.S.C. Section 406(b). For the following reasons, the Motion [DE 16] is **GRANTED**.

*Background*

Plaintiff Aileen Sanchez Morales filed an application for Social Security Disability, alleging a disability onset date of March 25, 2020. [DE 16-1]. The claim was initially denied and on reconsideration. The Administrative Law Judge entered an unfavorable decision on April 24, 2023. [DE 1]. Plaintiff challenged the Administrative Law Judge's decision by filing a timely Request for Review with the Appeals Council. The Appeals Council issued its decision denying Plaintiff's request for review on December 4, 2023, making the Administrative Law Judge's

decision the final Agency decision. *Id.* Plaintiff initiated civil action in this court for judicial review of the denial of her application for benefits on May 22, 2024. [DE 1].

Following the filing of an unopposed Motion for Reversal with Remand [DE 11], the court remanded the decision of the Commissioner on August 12, 2024. [DE 12]. After remand, an Administrative Law Judge approved Plaintiff's claim for Disability Insurance benefits. [DE 16-1]. The Social Security Administration issued a Notice of Award letter dated August 29, 2025. Plaintiff was awarded past-due benefits in the amount of $61,388.00. [DE 16]. Plaintiff agreed to pay Attorney Sellers 25% of all past-due benefits awarded to her and any beneficiaries by the Administration. [DE 16-3].

The Commissioner filed a Stipulation to Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA") in November of 2024. [DE 14]. On November 5, 2024, the court granted the request and awarded Plaintiff $1,645.00 for attorney fees and $405.00 in costs in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412. [DE 15]. In total, Plaintiff's counsel has received $2,050.00 in attorney fees under 28 U.S.C. § 2412. *Id.*

Attorney Sellers asks the court to authorize an award of attorney fees in the total amount of $6,147.00 pursuant to 42 U.S.C. § 406(b). Plaintiff's attorneys have already received $9,200.00 pursuant to 42 U.S.C. § 406(a)(2)(A). [DE 16]. The motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the

attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Sellers requests an attorney fee in the amount of $6,147.00 and contends that the requested fee award is reasonable for the 8.25 hours of legal work he spent representing Plaintiff in federal court. [DE 25-2]. Attorney Seller's total requested fee amounts to an hourly rate of $745.09 for attorney time. This calculated rate is within the bounds of reasonableness in this district especially considering that these cases are taken on a contingent fee basis. *See Owsley v. Astrue*, 2010 WL 5173148, at *4 (N.D. Ind. Dec. 14, 2010) (awarding a fee equating to $810 per hour); *Hill v. Comm'r of Soc. Sec.*, 2016 WL 2643360 (N.D. Ind. May 10, 2016) (awarding fee equating to $810 per hour). Furthermore, there is no indication of delay in this case. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee or subtract it from the total fees awarded under § 406(b). *Gisbrecht,* 535 U.S. at 789; *Lugar v. Comm'r of Soc. Sec.*, 2024 WL 3518612, at *1 (N.D. Ind. July 22, 2024). Attorney Sellers has acknowledged that Plaintiff is entitled to a refund of the $2,050.00

EAJA award that she received. [DE 16].

Based on the foregoing reasons, the court **GRANTS** the Motion [DE 16] and **AWARDS** fees to Attorney Joseph S. Sellers in the total amount of $6,147.00 The court **ORDERS** Attorney Sellers to refund the plaintiff, Aileen Sanchez Moralez, the total amount of the previously awarded EAJA fees, $2,050.00, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 29th day of December, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge